**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VINCENT JOSAPHS and** | : | **CIVIL ACTION** |
| **BONNIE JOSAPHS** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JOHN E. LACY and ANN W. LACY** | : | **NO. 21-4186** |

<u>**MEMORANDUM OPINION**</u>

Savage, J.                                                                          **February 15, 2022**

Plaintiffs Vincent and Bonnie Josaphs (buyers) and defendants John and Ann Lacy (sellers) entered into a Standard Agreement for the Sale of Real Estate ("Agreement of Sale") for the purchase of a residential property in Pennsylvania.  After a home inspection revealed a number of deficiencies, the parties executed an addendum to the Agreement of Sale that required the defendants to make certain repairs.  During a walkthrough of the property two days before settlement, plaintiffs observed that some repairs had been made and others had not.  Nevertheless, plaintiffs proceeded to close on the property without any provision for completion of repairs post-settlement.  They now seek damages from defendants for the cost of the repairs and reimbursement for temporary housing.

Plaintiffs assert state law claims for breach of contract, violation of the Real Estate Seller Disclosure Law, fraudulent misrepresentation, negligent misrepresentation, and violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

Moving to dismiss the claims for fraudulent misrepresentation, negligent misrepresentation, and violation of the UTPCPL under Federal Rule of Civil Procedure 12(b)(6), the defendants contend that the alleged facts do not show justifiable reliance, an essential element of causes of action for negligent misrepresentation, fraudulent

misrepresentation, and for violation of the UTPCPL.  Defendants also claim that the parol evidence rule precludes plaintiffs from relying on misrepresentations in the Disclosure Statement to support their causes of action.

We conclude that the misrepresentation claims based upon the defendants' failure to make the repairs are barred by the gist of the action doctrine.  Even if they were not, plaintiffs have not alleged facts that, if proven, could support claims for fraudulent misrepresentation, negligent misrepresentation, or violation of the UTPCPL with respect to the repairs covered by the agreement.  On the contrary, the facts alleged show that despite knowing the defendants had not completed the repairs, the plaintiffs proceeded to settlement.

To the extent the claims for fraudulent misrepresentation, negligent misrepresentation, and violation of the UTPCPL arise out of the defendants' misrepresentation of how long the property had been vacant in their Disclosure Statement, they survive.  The Agreement of Sale explicitly preserved the right to pursue any available remedies arising from defendants' violation of disclosure laws notwithstanding any provision in the agreement to the contrary.

### Factual Background

Defendants completed a Seller's Property Disclosure Statement dated July 9, 2019 pursuant to Pennsylvania's Real Estate Seller Disclosure Law.[1]   The Disclosure

---

[1] Compl. ¶ 29, ECF No. 1-3 (attached as Ex. A to Notice of Removal, ECF No. 1) ["Compl."]; Seller's Property Disclosure Statement ¶ (2)(A)1 (attached as Ex. I to Compl.) ["Disclosure Statement"].

Statement represented that defendants last occupied the property in 2018.[2]  The plaintiffs were provided the Disclosure Statement.[3]

On October 30, 2019, plaintiffs and defendants executed a Standard Agreement for the Sale of Real Estate.[4]  It permitted the plaintiffs to engage a home inspector.[5]  If the home inspection report was unsatisfactory, the plaintiffs had the option to proceed with the sale, terminate the Agreement, or present a proposal for repairs and/or credits.[6] If the defendants agreed to the terms of the plaintiffs' proposal, the parties were required to enter into a mutually agreeable written agreement, providing for repairs.[7]

Plaintiffs hired US Inspect to conduct a home inspection.[8]  The home inspection report, issued on October 31, 2019, identified thirty-nine issues with the property.[9]

On November 9, 2019, plaintiffs and defendants executed a Change in Terms Addendum to Agreement of Sale ("First Addendum") in which defendants agreed to repair and/or replace portions of the deck, the double tapped breakers, the HVAC systems, the hot water heaters, the chimney, the roof, and the plumbing.[10]  The First Addendum was incorporated into the Agreement of Sale.[11]

---

[2] Compl. ¶ 29; Disclosure Statement ¶ 2(A)1.

[3] Disclosure Statement 10.

[4] Compl. ¶ 5; Standard Agreement for the Sale of Real Estate 14 (attached as Ex. A to Compl.) ["Agreement of Sale"].

[5] Agreement of Sale ¶ 12(B).

[6] *Id.* ¶¶ 12(C), 13(B)(2)–(3).

[7] *Id.* ¶ 13(B)(3)(a).

[8] Compl. ¶ 7.

[9] *Id.*; US Inspect Home Inspection Report at 12–14 (attached as Ex. B to Compl.)

[10] Compl. ¶ 8; Change in Terms Addendum to Agreement of Sale ¶ 1 (attached as Ex. C to Compl.) ["First Addendum"].

[11] *See* First Addendum.

On November 21, 2019, plaintiffs and defendants executed a second Change in Terms Addendum to Agreement of Sale ("Second Addendum").[12]  Defendants again agreed to repair and/or replace portions of the deck, the HVAC systems, the roof, and the plumbing.[13]  The Second Addendum was incorporated and became part of the Agreement of Sale.[14]

On November 23 and 24, 2019, the defendants' realtor represented that the repairs had been completed, except to the HVAC system which was scheduled for repair on November 27, 2019.[15]

On November 30, 2019, plaintiffs conducted a final walkthrough of the property during which they discovered nonfunctional plumbing, a dilapidated deck, and two broken air conditioning units.[16]  Nevertheless, plaintiffs proceeded with settlement on December 2, 2019.[17]

After settlement, plaintiffs learned that it had been five to ten years since defendants had last occupied the property.[18]  They also discovered gas leaks and rodent infestation in the ceilings and walls.[19]  The plaintiffs incurred expenses to repair the deck,

---

[12] Compl. ¶ 9; Change in Terms Addendum to Agreement of Sale (attached as Ex. D to Compl.) ["Second Addendum"].  Why the parties executed the Second Addendum is unknown.

[13] Compl. ¶ 9; Second Addendum ¶ 1.

[14] *See* Second Addendum.

[15] Compl. ¶¶ 10–11, 20; Email from Gay Davidson to Ginna Anderson (Nov. 23, 2019) (attached as Ex. E to Compl.); Email from Gay Davidson to Ginna Anderson (Nov. 24, 2019) (attached as Ex. F to Compl.); Text Message (attached as Ex. H to Compl.)

[16] Compl. ¶¶ 12–17.

[17] *Id.* ¶ 21.

[18] *Id.* ¶ 29.

[19] *Id.* ¶¶ 24–25, 30.

plumbing, and HVAC; to remediate the rodent infestation; and to rent temporary housing.[20]

## Standard of Review

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is plausible when the plaintiffs plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*

A conclusory recitation of the elements of a cause of action is not sufficient. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).   The plaintiffs must allege facts necessary to make out each element.   *Id.*   (quoting *Twombly*, 550 U.S. at 563 n.8).   In other words, the complaint must contain facts which, if proven later, support a conclusion that a cause of action can be established.

All well-pleaded allegations in the complaint must be accepted as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in the plaintiffs' favor.   *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

With these standards in mind, we shall accept as true the facts as they appear in the plaintiffs' complaint and draw all inferences from these facts in their favor.

---

[20] *Id.* ¶¶ 26, 27–28, 31–32.

**Analysis**

*Repair Misrepresentations*

Pennsylvania's gist of the action doctrine precludes a plaintiff from bringing what is actually a breach of contract claim as a tort claim. *Erie Ins. Exch. v. Abbott Furnace Co.*, 972 A.2d 1232, 1238 (Pa. Super. Ct. 2009); *see also Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 123 (3d Cir. 2010). The doctrine maintains the distinction between causes of action founded on the breach of a contractual duty created by the parties' relationship and those based on the breach of a social duty imposed on all individuals by society.

When the parties' obligations are defined by the terms of a contract and not by duties imposed by social policies, a plaintiff may assert only a contract claim. *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 68 (Pa. 2014); *Erie Ins. Exch.*, 972 A.2d at 1239 (citing *eToll, Inc. v. Elias/Savion Advert. Inc.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002)). In order to state a tort claim where there is a contract, the wrong complained of must be the gist of the action with the contract only incidental. *Bruno*, 106 A.3d at 66 (quoting *Bash v. Bell Tel. Co. of Pa.*, 601 A.2d 825, 829 (Pa. Super. Ct. 1992)).

In determining whether the gist of the action is based on a contract or a tort, we look to the nature of the duty allegedly breached. *Id.* at 63. If the claim arises directly from a breach of a contractual duty created by the parties, it is a contract action. If the claim arises from the violation of a broader social duty imposed by society and not by the parties to the action, it is a tort action. *Id.* Thus, the substance of the allegations in the complaint is of "paramount importance." *Id.* at 68.

The fact that there is a contract between the parties does not necessarily mean that a party's claim for damages resulting from the other party's conduct in performing the contract is a claim for breach of contract.  A breach of contract cause of action is based on the breach of a specific executory promise in the contract.  *Id.* at 70.  Where it is alleged that the defendant breached a duty that exists "independently and regardless of the contract" and was not created by the parties, it is a tort action.  *Id.* at 63.  If the claim arises indirectly from the breach of a "separate 'collateral' duty to perform a contractual obligation with skill and diligence," it is a tort action.  *Id.*

So, a fraud claim that is not related to the performance of the contract is not precluded by the gist of the action doctrine.  A fraud claim is barred only when the alleged fraud relates to the performance of an executory promise in the contract.  *eToll*, 811 A.2d at 19.

Here, the gist of this action is a breach of contract claim.  Defendants agreed to make certain repairs.  Plaintiffs allege that defendants failed to complete the repairs, breaching the terms of the contract.  Thus, the gist of the action doctrine bars plaintiffs' claims for fraudulent misrepresentation, negligent misrepresentation, and violation of the UTPCPL arising out of the failure to make repairs.

Even if plaintiffs' claims were not barred by the gist of the action doctrine, they would still fail.  Justifiable reliance is an essential element of the causes of action for fraudulent misrepresentation, negligent misrepresentation, and violation of the UTPCPL. *See, e.g.*, *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 202 (Pa. 2007); *Gibbs v. Ernst*, 647 A.2d 882, 889–90 (Pa. 1994) (citations omitted); *Milliken v Jacono*, 60 A.3d 133, 140–41 (Pa. Super. Ct. 2012) (citations omitted).

Plaintiffs discovered that defendants did not complete the repairs during their walkthrough of the property two days before the scheduled settlement. They elected to proceed with the settlement without providing for completion of the repairs post-settlement. In short, they no longer relied on any promise to complete the repairs at the time they closed on the property. Therefore, the plaintiffs cannot make out a plausible cause of action for negligent misrepresentation, fraudulent misrepresentation, and violation of the UTPCPL because they cannot show justifiable reliance.

*Disclosure Statement Misrepresentation*

Plaintiffs have alleged reliance on defendants' Disclosure Statement representation that the property had been vacant for only a year. The causes of action based on this representation are not barred by the gist of the action doctrine. Indeed, the Disclosure Statement, a social duty imposed by statute, is collateral to the Agreement of Sale and the misrepresentation does not relate to the performance of an executory promise in the contract.

Nor are plaintiffs' claims barred by the parol evidence rule. The Agreement of Sale explicitly preserves the right to pursue any available remedies arising from defendants' violation of disclosure laws. The Agreement of Sale provides that "[s]hould Seller be . . . in violation of any Seller disclosure law or regulation, this release does not deprive Buyer of any right to pursue any remedies that may be available under law or equity."[21]

Contrary to defendants' contention, plaintiffs have alleged facts which, if proven, could establish causes of action for fraudulent misrepresentation and violation of the

---

[21] Agreement of Sale ¶ 28.

UTPCPL based upon the misrepresentation in the Disclosure Statement. Plaintiffs, however, have not alleged facts stating a claim for negligent misrepresentation.

## Fraudulent Misrepresentation

To state a claim for fraudulent misrepresentation, a plaintiff must plead: (1) a misrepresentation; (2) fraudulently made; (3) an intention by the maker to induce the recipient to act; (4) justifiable reliance on the misrepresentation; and (5) damages. *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 275 (3d Cir. 2010) (citations omitted); *Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Invs.,* 951 F.2d 1399, 1409 (3d Cir. 1991) (quoting *Delahanty v. First Pa. Bank, N.A.*, 464 A.2d 1243, 1252 (Pa. Super. Ct. 1983)); *Gibbs*, 647 A.2d at 889 (citations omitted).

Plaintiffs allege defendants falsely represented in their Disclosure Statement that they last occupied the property in 2018. According to plaintiffs, that representation was intended to induce them to purchase the property and to mislead them into conducting a less thorough inspection. Relying on the representation, they instructed the home inspector to conduct a home inspection appropriate for a property that had been vacant for one year. As a result, the home inspector did not detect rodents. It was only after closing on the property that plaintiffs discovered the rodent infestation and that the property had been vacant for at least five years. These facts, if proven, could establish a fraudulent misrepresentation cause of action.

## Negligent Misrepresentation

An essential element of a claim for negligent misrepresentation is that the misrepresentation was made under circumstances in which the maker should have known it was false. *Milliken*, 60 A.3d at 141 (quoting *Heritage Surveyors & Eng'rs, Inc. v. Nat'l*

*Penn Bank*, 801 A.2d 1248, 1252 (Pa. Super. Ct. 2002)).  Here, the complaint alleges that the defendants knew the representation that the property had been vacant for a year was false.  Drawing all reasonable inferences in favor of the plaintiffs, one cannot find that the misrepresentation was negligent, but rather intentional.  Hence, the plaintiffs have not stated a cause of action for negligent misrepresentation.

UTPCPL

The UTPCPL lists twenty "[u]nfair methods of competition" and "unfair or deceptive acts or practices," and includes a catchall provision proscribing "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."  73 PA. CONS. STAT. § 201-2(4)(xxi); *see also Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) (citations omitted).  The UTPCPL is liberally construed.  *Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 151 (Pa. Super. Ct. 2012) (citing *Commonwealth v. Monumental Props., Inc.*, 329 A.2d 812, 816 (Pa. 1974)).

Residential real estate sales fall within the purview of the UTPCPL.  *Growall v. Maietta*, 931 A.2d 667, 676 (Pa. Super. Ct. 2007) (citations omitted).  A plaintiff asserting violation of the UTPCPL must plead causation and justifiable reliance.  *Am. Express Bank, FSB v. Martin*, 200 A.3d 87, 95 (Pa. Super. Ct. 2018) (quoting *DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 592 (Pa. Super. Ct. 2013)).  Plaintiffs have done so.

Fraudulent misrepresentations constitute deceptive conduct.  *Kirwin v. Sussman Auto.*, 149 A.3d 333, 336–37 (Pa. Super. Ct. 2016) (citations omitted).  Plaintiffs have alleged they relied on the representation in the Disclosure Statement that the property had been vacant for only a year, the representation was false and was intended to induce them to buy the property, and they relied on it to their detriment.  Thus, to the extent

plaintiffs have stated a claim for fraudulent misrepresentation based on defendants' Disclosure Statement, they have also stated a claim for violation of the UTPCPL.

### Plaintiffs' Motion for Leave to Amend the Complaint

Plaintiffs have moved for leave to amend Count V of their complaint to assert a violation of Section 201-2(4)(xvi) of the UTPCPL.[22]  That section prohibits "[m]aking repairs, improvements or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing."  73 PA. CONS. STAT. § 201-2(4)(xvi).  Plaintiffs claim that defendants were obligated to make repairs in a workmanlike manner in accordance with the Home Inspection Report.[23]  Defendants failed to do so when they did not complete the repairs in violation of Section 201-2(4)(xvi).[24]

Leave to amend a pleading should be freely given "when justice so requires."  FED. R. CIV. P. 15(a)(2).  A curative amendment must be allowed unless amendment would be inequitable or futile.  *Alston v. Parker*, 363 F.3d 229, 235 (3d. Cir. 2004) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)); *see also Estate of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014) (quoting *Phillips*, 515 F.3d at 245).  An amendment is futile if the proposed amendment would still fail to state a claim upon which relief can be granted.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1977)).

A claim brought under the UTPCPL for defendants' failure to make the required repairs is barred by the gist of the action doctrine.  The obligation to perform the repairs

---

[22] Pls.' Mot. for Leave to Amend the Compl. ¶ 16, ECF No. 20.

[23] *Id.* ¶¶ 2–6, 15, 26.

[24] *Id.* ¶¶ 2–6, 15, 26.

was an executory promise.  Because amendment to add a claim for a violation of Section 201-2(4)(xvi) would be futile, we shall deny plaintiffs' motion for leave to amend the complaint.

## Conclusion

The plaintiffs' claims for fraudulent misrepresentation, negligent misrepresentation, and violation of the UTPCPL based on failure to make the repairs required under the contract are barred by the gist of the action doctrine.  The plaintiffs have stated claims for fraudulent misrepresentation and violation of the UTPCPL, to the extent they are based on the Disclosure Statement vacancy representation.